# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 16, 2021

Lyle W. Cayce
Clerk

No. 18-60650
Summary Calendar

Colin Nawiini,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 011 038

---

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Colin Nawiini petitions for review of an August 16, 2018, Board of Immigration Appeals (BIA) decision denying his motion to reopen. He has also filed a supplemental petition for review of a November 19, 2019, BIA decision denying his subsequent motion to reconsider and reopen. The

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 18-60650

supplemental petition for review is granted in part, and the case is remanded to the BIA for consideration under *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021).

In this case, the BIA relied on *Matter of Mendoza-Hernandez and Capula-Cortes*, 27 I&N Dec. 520, 535 (BIA 2019)), for the proposition that service of a notice of hearing containing the date and time of an alien's hearing cures a notice to appear (NTA) that lacks the date and time and triggers the 8 U.S.C. § 1229b(d)(1)(A) stop-time rule. On April 29, 2021, the Supreme Court released its opinion in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). In *Niz-Chavez*, the Supreme Court held that a NTA sufficient to trigger the stop-time rule must be a "single document containing all the information an individual needs to know about his removal hearing" specified in 8 U.S.C. § 1229(a)(1). 141 S. Ct. at 1478. Thus, under *Niz-Chavez*, a NTA sufficient to trigger the stop-time rule must be a single document containing "the nature of the proceedings against the alien, the legal authority for those proceedings, the fact that the alien may be represented by counsel, the time and place at which the proceedings will be held, and the consequences of failing to appear." *Id.* at 1479 (emphasis added); *see also* § 1229(a)(1).

Under *Niz-Chavez*, Nawiini's NTA did not contain the information required to trigger the stop-time rule. 141 S. Ct. at 1479. Thus, the supplemental petition for review is granted as to the stop-time issue, and this matter is remanded to the BIA for consideration under *Niz-Chavez*. In all other respects, the petition for review and the supplemental petition for review are denied.

The supplemental petition for review is GRANTED IN PART. This matter is hereby REMANDED to the BIA. As to all remaining claims,

2

No. 18-60650

we have reviewed the decisions of the BIA and the record, and the petition for review and the supplemental petition for review are DENIED.